**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| GUSTAVO NOLASCO,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD W. DAYNES et al.,<br><br>    Defendants. | **MEMORANDUM DECISION &**<br>**DISMISSAL ORDER**<br><br>Case No. 2:14-CV-356 CW<br><br>District Judge Clark Waddoups |

   Plaintiff, Gustavo Nolasco, a federal inmate in California, filed a *pro se* prisoner civil-rights complaint, *see* 42 U.S.C.S. § 1983 (2015), proceeding *in forma pauperis*. *See* 28 *id.* § 1915. His Complaint is now before the Court on Defendants' Motion to Dismiss for failure to state a claim upon which relief may be granted.

### FAILURE-TO-STATE-A-CLAIM ANALYSIS

#### 1. Plaintiff's Allegations

   Plaintiff's Complaint alleges he has claims against Assistant United States Attorney Richard W. Daynes, United States Probation Officer David G. Christensen, and United States Federal Defender Benjamin C. McMurray. Plaintiff calls his allegations civil-rights and habeas-corpus claims. The only statement of his claim is in his "Opposition to Motion to Dismiss," where he says, "the relief requested by Plaintiff . . . is that Defendants have failed to lawfully discharge Plaintiff . . . pursuant to the order entered by this Court in [Plaintiff's federal criminal cases]."

## 2. Grounds for Dismissal

In evaluating the propriety of dismissing a complaint for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

2

This Court must construe these *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers.  Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted).  In the Tenth Circuit, this means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."  *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)).  Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'"  *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### 3. Invalid Causes of Action

Plaintiff fails to state a claim upon which relief may be granted.  Plaintiff may not bring a civil-rights claim under § 1983 claim against these federal employees.  Section 1983 states,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws, shall be liable to the party injured in an action at law.

42 U.S.C.S. § 1983 (2015).  Thus, § 1983 is only a vehicle to bring suit against state actors who violate a plaintiff's federal rights.

Further, Plaintiff's claims are not cognizable under § 1983 because that statute does not provide a way for a plaintiff to seek execution of a federal prison sentence.  Also, Plaintiff does not flesh out his claims with facts of any kind.  The Court can to some degree only guess what Plaintiff might be requesting.  Still, it is clear that--whatever it is--it is not something that may be validly sought in a § 1983 case.

Finally, habeas claims are not cognizable in a § 1983 case.  Plaintiff may want to explore any potential habeas claims using § 22 41 or 2255, by contacting prison staff who are obligated to provide forms and help for Plaintiff to file such claims.

## ORDER

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **GRANTED**.  (*See* Docket Entry # 13.)  The Complaint is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2015), for failure to state a claim upon which relief may be granted.  And, neither liberal interpretation of Plaintiff's claims nor further opportunity to amend would lead to a different result.  This case is **CLOSED**.

DATED this 24th day of September, 2015.

BY THE COURT:

CLARK WADDOUPS
United States District Judge